**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **NOEL L. BROWN,** | : | |
| **Petitioner,** | : | **CIVIL ACTION NO. 4:24-CV-799** |
| **v.** | : | **(JUDGE MANNION)** |
| **KEN HOLLIBAUGH,** *et al.,* | : | |
| **Respondents.** | : | |

**MEMORANDUM**

Presently before the court in this fee-paid *pro se habeas* action is the report and recommendation of Magistrate Judge William I. Arbuckle, (Doc. 11), dated July 26, 2024, and Petitioner's motion to appoint counsel (Doc. 12). Judge Arbuckle recommends that Petitioner, Noel L. Brown's, petition for a writ of *habeas corpus* (Doc. 1) be denied because it is an unauthorized second petition. Petitioner filed a timely objection to Judge Arbuckle's report. (Doc. 13). However, based on its own review of the record as described below, the court agrees with Judge Arbuckle's recommendation and will deny the petition as well as dismiss the motion to appoint counsel as moot.

**I. Legal Standard**

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. 636(b)(1); *Brown v.*

*Astrue*, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard of review is *de novo*, the district court "may also, in the exercise of sound judicial discretion, rely on the Magistrate Judge's proposed findings and recommendations." *Bynum v. Colvin*, 198 F. Supp 3d 434, 437 (E.D. Pa. 2016) (citing *United Stated v. Raddatz*, 447 U.S. 667, 676 (1980)).

A petition for writ of *habeas corpus* is the exclusive federal remedy for a state prisoner challenging the "very fact or duration" of his confinement and seeking "immediate release or a speedier release from that imprisonment." *Preiser v. Rodriguez,* 411 U.S. 475, 498-99 (1973); *Leamer v. Fauver,* 288 F.3d 532, 542-44 (3d Cir. 2002). A district court is authorized to "entertain an application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a) (2006). Claimed violations of state law standing alone, will not entitle a petitioner to relief, absent a showing that those violations are so great as to be of a constitutional dimension. S*ee Priester v. Vaughan*, 382 F.3d 394, 401–02 (3d Cir. 2004). Furthermore, a state prisoner seeking to invoke the power of this court to issue a writ of *habeas corpus* must have exhausted the remedies available to them in the courts of the state. §2254(b)(1)(A).

Case 4:24-cv-00799-MEM   Document 14   Filed 08/14/24   Page 3 of 9

Federal law also bars state prisoners from attacking their convictions through second or successive *habeas* petitions except in very limited circumstances. 28 U.S.C. §2244. A *habeas* petition is classified as a "second" or "successive" petition within the meaning of 28 U.S.C. §2244 if a prior petition has been decided on the merits, the prior and new petitions challenge the same conviction, and the new petition asserts claims that were, or could have been, raised in a prior *habeas* petition. *See Benchoff v. Colleran*, 404 F.3d 812, 817 (3d Cir. 2005).

Pursuant to 28 U.S.C. §2244(b)(3)(A), a petitioner must seek authorization from the appropriate court of appeals before filing a second or successive *habeas* petition in a district court. If a petitioner files a second or successive *habeas* petition "in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. §1631" because the district court lacks jurisdiction to consider the petition. *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002). When determining whether to transfer a *habeas* action to the court of appeals, a district court should consider "whether the petitioner alleges sufficient facts to satisfy the gatekeeping requirement of the relevant *habeas* provision." *Hatches v. Schultz*, 381 F. App'x 134, 137 (3d Cir. 2010).

In this case, the relevant statutory gatekeeping provision provides that, a claim presented in a second or successive §2254 petition that was not presented in a prior application will be denied unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. §2244(b).

## II. **Discussion**

Since the report correctly states the procedural and factual background of this case, (Doc. 11, pp. 2-14), it will not be repeated herein. In short, the present petition is petitioner's second *habeas* petition to this court challenging his November 8, 2016, state conviction for *inter alia* trafficking in minors. Specifically on July 18, 2019, Petitioner filed a *habeas* petition challenging his state court conviction and sentence; on September 16, 2019, the court notified Petitioner that he was only allowed to file one such petition; on December 18, 2019, Petitioner elected to refile an all-inclusive petition; on October 19, 2020,  the court denied that petition on its merits; and on

- 4 -

March 3, 2021, the Third Circuit Court of Appeals denied Petitioner's request for a certificate of appealability. *See Brown v. Commonwealth of Pennsylvania*, No. 4:19-CV-1230 (M.D. Pa.), Docs. 1, 9, 12, 29, and 37.

Nonetheless, on May 14, 2024, Petitioner filed the present petition again challenging his 2016 state court conviction. Since the present petition is Petitioner's second *habeas* petition filed after a prior petition was denied on the merits and without authorization of the Third Circuit, Judge Arbuckle recommends that it be denied but without prejudice to Petitioner seeking permission from the Third Circuit to file such a petition. Judge Arbuckle does not recommend transferring the petition directly to the Third Circuit because that court has already refused to grant Petitioner a certificate of appealability on his prior petition, which raised substantially similar claims.

Petitioner objects to this recommendation arguing that four of the 15 grounds for relief raised in his present petition could not have been previously discovered through the exercise of due diligence and therefore should not be denied without at least an evidentiary hearing on those claims. The four claims cited by Petitioner are Ground Two "*Brady* violations," Ground Four "Perjury under oath," Ground Seven "Conflict of interest on review," and Ground Nine "Entrapment." Petitioner concedes that he did not raise Ground Nine in state court. Thus, that ground for relief remains

unexhausted and must be denied regardless of whether it could have been previously discovered.

As for the other three grounds, Petitioner did previously raise them in state court through PCRA proceedings. However, the PCRA court denied each of these claims, which were filed for the first time in 2022, as untimely, and the Superior Court affirmed. *See Commonwealth v. Brown*, 296 A.3d 573 (Pa. Super. Ct. 2023), *reargument denied* (May 11, 2023), *appeal denied,* 304 A.3d 707 (Pa. 2023), *reconsideration denied* (Nov. 17, 2023). Under the doctrine of procedural default "a federal court will not review the merits of claims, including constitutional claims, that a state court declined to hear because the prisoner failed to abide by a state procedural rule." *Martinez v. Ryan*, 566 U.S. 1, 9 (2012); *see also Walker v. Martin,* 562 U.S. 307, 316, (2011) (A state court's invocation of a procedural rule to deny a prisoner's claims precludes federal review of the claims if, among other requisites, the state procedural rule is a nonfederal ground adequate to support the judgment and the rule is firmly established and consistently followed.)

When a petitioner has defaulted on his claims under state law, a court may only reach the merits of those claims "if the petitioner makes the standard showing of 'cause and prejudice' or establishes a fundamental

miscarriage of justice." *Slutzker v. Johnson,* 393 F.3d 373, 381 (3d Cir. 2004) (quoting *Lines v. Larkins,* 208 F.3d 153, 166 (3d Cir. 2000)). To establish cause a petitioner must identify "some objective factor external to the defense [that] impeded [his] efforts to comply with the State's procedural rule." *Murray v. Carrier,* 477 U.S. 478, 488 (1986). To establish a fundamental miscarriage of justice a Petitioner must demonstrate "actual innocence by asserting 'new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial,' showing that no reasonable juror would have voted to find the petitioner guilty beyond a reasonable doubt." *Hubbard v. Pinchak,* 378 F.3d 333, 339–40 (3d Cir. 2004).

Here there is no dispute that PCRA claims in Pennsylvania must be filed within in one-year of sentencing and Petitioner offers no cause or explanation for why he filed the three claims at issue over five years after he was sentenced. Instead, Petitioner asserts that the new facts underlying these claims establish by clear and convincing evidence that no reasonable factfinder would have found him guilty if presented at trial. But Petitioner does not identify these new exculpatory facts.

In support of his "*Brady*" claim Petitioner only asserts that the trial court failed to obtain a search warrant directing Instagram to produce some of the

evidence submitted at trial and that his arresting officer did not testify at trial. Putting aside the fact that these allegations do not even resemble a *Brady* violation, they do not indicate the discovery of any new exculpatory evidence that would have prevented any juror from convicting Petitioner. Likewise, in support of his "perjury" claim Petitioner only asserts that an unnamed "state witness" falsely testified about "the type of dwelling located at the witness address in the police report." (Doc. 1 p. 10.) Besides the fact the court cannot even discern what relevance if any this allegation has to Petitioner's conviction, it also does not indicate the discovery of any new exculpatory evidence that would have prevented any juror from convicting Petitioner.

Furthermore Petitioner's "conflict of interest" claim concerns a conflict with the judge presiding over his PCRA proceedings not his trial and in turn again does not indicate the discovery of any new exculpatory evidence that would have prevented any juror from convicting him. Even Plaintiff's unexhausted "entrapment" claim, which baldly alleges "fraudulent inducement of an investment contract" (Doc. 1 pp. 14-15) with no clear relevance to Petitioner's trial or conviction does not indicate any new exculpatory evidence.

Accordingly, Petitioner has failed to carry his burden of establishing a fundamental miscarriage of justice, and absent any other exception to the

procedural default doctrine the court lacks jurisdiction over Petitioner's unauthorized second *habeas* petition. For the same reasons the court will also not directly transfer this petition to the Third Circuit. Since Petitioner's petition must be denied for lack of jurisdiction his motion to appoint counsel is moot and must also be denied.

### III. Conclusion

In light of the foregoing, Judge Arbuckle's Report and Recommendation is **ADOPTED IN ITS ENTIRETY** as the decision of the court. Petitioner's objections are **OVERRULED**, and his petition is **DENIED** without prejudice to him obtaining the required authorization to file a second *habeas* petition from the Third Circuit. Petitioner's motion to appoint counsel will also be **DENIED** as moot. The Clerk of Court is directed to **CLOSE** this case.

*S/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: August 14, 2024**
24-799-01

- 9 -