UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NOEL L. BROWN, | : | |
| Petitioner, | : | CIVIL ACTION NO. 4:24-CV-799 |
| v. | : | (JUDGE MANNION) |
| KEN HOLLIBAUGH, *et al.*, | : | |
| Respondents. | : | |

## MEMORANDUM

Presently before the court is Petitioner's *pro se* motion for reconsideration regarding this court's denial of his *pro se* petition for *habeas corpus* under 28 U.S.C. §2254 and motion for appointment of counsel. (Doc. 16.) Petitioner initiated this action by filing a *habeas* petition collaterally attacking in 2016 state court conviction for *inter alia* child sex trafficking. On report and recommendation of Magistrate Judge William I. Arbuckle, the court denied petitioner's *habeas* petition because it was an impermissibly filed second or successive petition and in turn dismissed his motion for appointment of counsel as moot. (Doc. 15.) Nonetheless, Petitioner has filed the present motion for reconsideration, in which he does not dispute that his petition was an impermissibly filed second *habeas* petition, but instead attempts to reargue the merits of the claims raised in that already denied petition. Based on the following, this motion will also be **DENIED**.

**I. Legal Standard**

"The purpose of a motion for reconsideration is to correct manifest errors of law or to present newly discovered evidence." *Harsco v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). "Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not [previously] available [ ]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Howard Hess Dental Labs. Inc. v. Dentsply Intern., Inc.*, 602 F.3d 237, 251 (3d Cir. 2010) (quoting *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)); *see also Chesapeake Appalachia, LLC v. Scott Petroleum, LLC*, 73 F. Supp. 3d 488, 491 (M.D. Pa. 2014) (Generally, reconsideration motions should be granted sparingly.) "The standard for granting a motion for reconsideration is a stringent one ... [A] mere disagreement with the court does not translate into a clear error of law." *Id.* (quoting *Mpala v. Smith*, 2007 WL 136750, at *2 (M.D. Pa. Jan. 16, 2007), aff'd, 241 Fed. Appx. 3 (3d Cir. 2007)) (alteration in original).

II. **Discussion**

Petitioner does not present any intervening change of controlling law, new evidence that was not available when the court denied his petition, or a clear error of fact or law that indicates a manifest injustice. Instead, Petitioner attempts to reargue some of the claims already raised and denied in his petition. Specifically, he argues that he is entitled to *habeas* relief because his sentence "to death by length of sentence" stems from a one-day trial, the state caused him to procedurally default on his claims, the court did not properly discern the relevance of his alleged *Brady* violation, and the court did not construe the evidence from his unexhausted entrapment claim in the light most favorable to him. The court will address each of these issues in turn.

While recognizing that the *habeas* petition filed in this action was his second such petition, petitioner questions whether the court was aware that his sentence "to death by length of sentence" stems from a one-day trial. Regardless of how long Petitioner's trial lasted federal law bars state prisoners from collaterally attacking their convictions through second or successive *habeas* petitions except in very limited circumstances. *See* 28 U.S.C. §2244. A *habeas* petition is classified as a "second" or "successive" petition within the meaning of 28 U.S.C. §2244 if a prior petition has been

decided on the merits, the prior and new petitions challenge the same conviction, and the new petition asserts claims that were, or could have been, raised in a prior *habeas* petition. *See Benchoff v. Colleran*, 404 F.3d 812, 817 (3d Cir. 2005). As discussed at length in the court's challenged order, Petitioner has already filed a *habeas* petition regarding his child sex trafficking conviction that was denied on its merits. The mere allegation that Petitioner was convicted after a one-day trial, something that would have been known when he filed his first Petition, does not allow the court to review let alone grant any second or successive *habeas* petitions filed by him.

Likewise, while recognizing that he procedurally defaulted on some of the claims raised in his impermissibly filed second *habeas* petition, Petitioner asserts that he is not responsible for that default. When a petitioner has defaulted on his claims under state law, a court may only reach the merits of those claims "if the petitioner makes the standard showing of 'cause and prejudice' or establishes a fundamental miscarriage of justice." *Slutzker v. Johnson,* 393 F.3d 373, 381 (3d Cir. 2004) (quoting *Lines v. Larkins,* 208 F.3d 153, 166 (3d Cir. 2000)). To establish cause a petitioner must identify "some objective factor external to the defense [that] impeded [his] efforts to comply with the State's procedural rule." *Murray v. Carrier,* 477 U.S. 478, 488 (1986). To establish a fundamental miscarriage of justice a Petitioner

must demonstrate "actual innocence by asserting 'new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial,' showing that no reasonable juror would have voted to find the petitioner guilty beyond a reasonable doubt." *Hubbard v. Pinchak,* 378 F.3d 333, 339–40 (3d Cir. 2004).

The external factor Petitioner identifies to explain his default is his alleged transfer to the custody of the state of New York after sentencing. However, Petitioner does not explain why this transfer alone prevented him from raising the defaulted claims at issue here for five years. Similarly, the exculpatory evidence Petitioner identifies as establishing a miscarriage of justice is a receipt for the hotel room where his trafficking victim was found with a different man's name on it. Even assuming this receipt is authentic, Petitioner does not explain how this evidence alone would have contradicted the other evidence introduced against him at trial or prevented any reasonable jury from convicting him. Thus, there is still no basis for Petitioner to raise his procedurally defaulted claims in this court.

Regarding the alleged *Brady* violation raised in his impermissibly filed second *habeas* petition, Petitioner states "please correct me if I am wrong" but "undisclosed evidence as well as testimony improperly withheld"

because it is exculpatory and impeaching constitutes *Brady* evidence. Plaintiff is correct that such evidence must be disclosed under *Brady*. However, his alleged *Brady* violation does not involve such evidence. In his petition, Petitioner argues that the state trial court's failure to obtain a warrant directing Instagram to produce certain evidence used at trial violated *Brady*. First trial courts do not obtain warrants. The government obtains warrants from the trial court. Second the government does not need a warrant to get evidence from a third-party custodian like Instagram. Putting those facts aside, Petitioner still argues in the present motion that evidence of this failure would have proven his arresting officer knew about his actual innocence before testifying against him at trial and therefore "is the definition of Brady violation." However, a motion for reconsideration is meant to address intervening changes in law and correct serious errors. It is not an opportunity to supplement a filing already ruled upon by the court with arguments that could have and should have been made before the court entered its ruling. Petitioner cannot overcome the fact he is barred from filing a second *habeas* petition by using the present motion to effectively file a third such petition.

Finally, while Petitioner recognizes that his entrapment claim is unexhausted, he still asserts that the mere existence of the "investment contract" underlying that claim must be construed in the light most favorable

to him. Petitioner did not explain the significance of this "contract" in his petition but in the present motion appears to argue that this "contract" between him and his underage victim releases him from all criminal liability as well as proves that he did not know she was a minor. Essentially, it appears that Petitioner wants the court to construe this document as a valid agreement under which the victim agreed to work for Petitioner as an adult prostitute. This argument is patently frivolous.

Even if the court had to and could construe this document in the light most favorable to Petitioner, it would not be relevant to the court's analysis here because it is not a legal contract. *See Commonwealth v. Tanner*, 2019 62, 205 A.3d 388, 399 (Pa. Super. Ct.  2019) ("a contract with an illegal term is void and unenforceable."). Moreover, it is hornbook contract law that a minor, with certain exceptions, is not competent to enter into a "valid" contract. *See, e.g.,* Restatement (Second) of Contracts §12 (1981).

Petitioner is arguing that the alleged "contract" was in the government's possession and was not properly disclosed to the jury during his trial and such is, a *Brady* violation. But this is not what Petitioner argued in his petition. Moreover, a state prisoner seeking to invoke the power of this court to issue a writ of *habeas corpus* must have exhausted the remedies available to them in the courts of their state. §2254(b)(1)(A). Since Petitioner

concedes that this claim is unexhausted in Pennsylvania state courts, this court cannot grant him any relief for it.

### III. Conclusion

Accordingly, Petitioner's motion for reconsideration will be **DENIED**.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: September 26, 2024**
24-799-02